IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, as subrogee of Hyperion Materials & Technologies, Inc. 436 Walnut Street Philadelphia, PA 19106<br><br>Plaintiff,<br><br>v.<br><br>XPO Logistics Freight, Inc. Five American Lane Greenwich CT 06831<br><br>Defendant. | CIVIL ACTION NO: 1:25-cv-12939 |

**FIRST AMENDED COMPLAINT FILED PURSUANT TO Fed. R. Civ. Pro. 15(a)(2)**

Plaintiff, Indemnity Insurance Company of North America, as subrogee of Hyperion Materials & Technologies, Inc., by its attorneys, Cozen O'Connor, as and for its First Amended Complaint, alleges the following upon information and belief:

**THE PARTIES**

1. The Plaintiff, Indemnity Insurance Company of North America, as subrogee of Hyperion Materials & Technologies, Inc. (hereinafter "the Plaintiff"), is a Pennsylvania corporation with its principal place of business and main office located at 436 Walnut Street, Philadelphia PA 19106 and, at all times relevant hereto, was and is engaged in business as an insurer and licensed to issue policies of insurance in the States of Illinois, New York, Maine, and Ohio.

2. The Defendant, XPO Logistics, Inc. (hereinafter "the Defendant"), is a Delaware corporation with it principal place of business and main office located at Five American Lane, Greenwich CT 06831 and, at all times relevant hereto, was and is engaged in business as a common carrier and bailee of goods for hire.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1337, as this action involves liability of a motor carrier for loss or theft of goods transported in interstate commerce under 49 U.S.C. §14706, and the amount in controversy exceeds $10,000, exclusive of interest and the costs of the action.

4. Venue is proper pursuant to 49 U.S.C. §14706 as this is the judicial district in which the Defendant carrier operates a transportation hub facility at 957 Tower Road, Mundelein, IL 60060.

5. Venue is also proper pursuant to 28 U.S.C. §1391 in that certain of the events or omissions giving rise to the claims herein occurred in this district and at 957 Tower Road, Mundelein, IL 60060 and the Defendant is subject to personal jurisdiction within this district.

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff's subrogor, Hyperion Materials & Technologies, Inc. (hereinafter "Hyperion") is a Delaware corporation with its principal place of business and main office located at 6325 Huntley Road, Worthington, OH and is engaged in business as a developer and manufacturer of tungsten carbide powders, cemented carbide, synthetic diamond, and cubic boron nitride products.

7. Prior to August 29, 2024, Hyperion engaged the Defendant to transport multiple pallets of carbide rods to Hyperion's customer Helical Solutions located at 49 Raceway Drive, Gorham, ME 04038.

8. Hyperion specifically engaged the Defendant to transport the pallets of carbide rods in interstate commerce from Hyperion located at 6325 Huntley Road, Worthington, OH to Helical Solutions located at 49 Raceway Drive, Gorham, ME 04038.

9. Prior to August 9, 2024, Hyperion engaged the Defendant to transport carbide scraps to Hyperion's customer Global Tungsten Powder, 1 Hawes Street, Towanda, PA 18848.

10. Hyperion specifically engaged the Defendant to transport the carbide scraps from Hyperion located at 6325 Huntley Road, Worthington, Ohio to Global Tungsten Powder located at 1 Hawes Street, Towanda, PA 18848.

11. Prior to August 29, 2024, Hyperion engaged the Defendant to transport multiple pallets of carbide rods to Hyperion's customer LMT Onsrud LP located at 1081 S. Northpoint Blvd., Waukegan, IL 60085

12. Hyperion specifically engaged the Defendant to transport the pallets of carbide rods in interstate commerce from Hyperion located at 6325 Huntley Road, Worthington, Ohio to LMT Onsrud LP located at 1081 S. Northpoint Blvd., Waukegan, IL 60085.

13. The pallets of carbide rods and the carbide scraps are hereinafter collectively refered to as "the Cargo".

14. The Defendant, through its employee and/or agent, and/or another person, accepted and agreed to deliver the Cargo.

15. The Defendant received the Cargo in good order and condition.

16. Thereafter, the Defendant's employees and/or agents negligently, carelessly, recklessly and/or intentionally released the Cargo to ~~an~~ unauthorized individuals who were not employees, representatives or agents of Hyperion.

17. No part of this Cargo has been recovered to date.

18. Plaintiff was the insurer of the aforesaid Cargo and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the aforesaid Cargo, as their respective interests may appear and as Plaintiff is entitled to maintain in this action.

19. As a result of the loss of the Cargo, the Plaintiff's subrogor filed claims with the Plaintiff under its policy of insurance, and Plaintiff has paid Hyperion for the loss and theft of the Cargo and seeks recovery of damages against the Defendant in the total amount of not less than Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35), which includes the amounts paid by the Plaintiff to Hyperion and the deductibles under the policy of insurance which were assigned to the Plaintiff by Hyperion, plus interest and fees to the fullest extent allowed by law.

20. Pursuant to the terms of the insurance contract, and otherwise by operation of law, the Plaintiff is contractually, legally and equitably subrogated to Hyperion's rights against the Defendant to recover for the amounts paid as a result of the loss and theft.

## FIRST CAUSE OF ACTION

### Breach of Contract

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20 above, as if more fully set forth herein.

22. The Defendant received the Cargo in good order and condition and contracted and otherwise agreed to perform the transportation and/or storage of the Cargo and deliver same in accordance with the aforementioned agreement in the same good order and condition received.

23. The Cargo was missing due to Defendant's failure to comply with the terms and agreements made with the Plaintiff's subrogor for the protection, storage and care of the Cargo, entrusted to Defendant's possession, or the possession of its agent, employees, and/or servants.

24. The Defendant's actions and/or omissions breached the contract.

25. As a result of Defendant's breach of contract, the Plaintiff has sustained damages in an amount of not less than Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit to the fullest extent allowed by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## SECOND CAUSE OF ACTION

Breach of Contract and of Duties under the ICC Termination Act

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 25 above, as if more fully set forth herein.

27. The Defendant was or acted as a carrier of cargo, merchandise and goods in interstate transportation for hire within the meaning of the ICC Termination Act, as enacted and amended in this country as 49 U.S.C. § 10101 *et seq.*, and breached its duties under said Act and under the contract of carriage entered into by it pursuant to the Act.

28. As a result of Defendant's breach of contract and duties under the ICC Termination Act, the Plaintiff has sustained damages in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit, and such other relief as this Court may order and deem just and equitable.

### THIRD CAUSE OF ACTION

<u>Breach of Contract and of Duties under the Carmack
Amendment, a Law of the United States</u>

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 28 above, as if more fully set forth herein.

30. At all times relevant hereto, Defendant owed Plaintiff and Plaintiff's subrogor, a duty to properly arrange, carry, transport and deliver the Cargo in the same good order and condition in which the Cargo was received pursuant to the terms and conditions of the bills of lading and pursuant to its obligations as a common carrier of goods for hire under 49 U.S.C. §14706, the Carmack Amendment, to wit:

> A carrier providing transportation or service…shall issue a receipt or bill of lading for property it receives for transportation…That carrier and any other carrier that delivers the property and is providing transportation or service…are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivery carrier, or (C) another carrier…

31. Notwithstanding said duties and in breach thereof, Defendant did not properly transport and deliver the Cargo in the same good order and condition as required under the bills of lading and the Carmack Amendment.

32. As a direct and proximate result of the Defendant's breach of its duties, Defendant failed to make delivery of the aforementioned Cargo in the same good order and condition as when received.

33. By reason of the foregoing, the Plaintiff has sustained damages in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## FOURTH CAUSE OF ACTION

Breach of Bailment Obligations

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 33 above, as if more fully set forth herein.

35. The Defendant was acting as a bailee of Plaintiff or otherwise had a duty to care for the aforementioned Cargo at the time it was lost or stolen. The Defendant thereby warranted and had a legal duty to safely keep, care for, and deliver the Cargo in the same condition as when entrusted to it, and to perform its services with reasonable care and in a non-negligent and workman-like manner.

=

36. The Defendant breached those obligations and negligently failed to store, handle secure, and deliver the Cargo.

37. By reason of the foregoing, the Plaintiff has sustained in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit..

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit, and such other relief as this Court may order and deem just and equitable.

## FIFTH CAUSE OF ACTION

Common Law Negligence, Carelessness or Recklessness

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 37 above, as if more fully set forth herein.

39. The Defendant was acting as bailee or carrier or otherwise had a duty to care for the Cargo at the time it was lost or damaged.

40. The Defendant acted negligently, recklessly, carelessly and/or engaged in intentional misconduct in that the Defendant, its agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Cargo would be adequately stored, kept, confined, guarded, secured and/or protected to prevent any loss or theft thereof.

41. By reason of the foregoing negligence, carelessness and/or recklessness, the Plaintiff has sustained damages in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of Four Hundred Ninety Three Thousand Five Hundred Fifty Seven Dollars and Thirty Five Cents ($493,557.35) plus interest, fees, and the costs of this suit, and such other relief as this Court may order and deem just and equitable.

Dated:  November 20, 2025

    /s/Daniel C. Theveny
Daniel C. Theveny, Esq.
(Admitted PHV)
Cozen O'Connor
1650 Market Street
One Liberty Place, Suite 2800
Philadelphia. Pennsylvania 19103
Telephone: (215) 665-4194
Facsimile: (866) 240-3638
dtheveny@cozen.com

and

Alex L. Ottenheimer, Esq.
Bar No.: 6321244
Cozen O'Connor
Suite 1800
123 North Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiff Indemnity Insurance Company of North America*