IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, as subrogee of Hyperion Materials & Technologies, Inc. 436 Walnut Street Philadelphia, PA 19106<br><br>Plaintiff,<br><br>v.<br><br>XPO Logistics Freight, Inc. Five American Lane Greenwich CT 06831<br><br>Defendant. | CIVIL ACTION NO: 1:25-cv-12939 |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f)(3), counsel for Plaintiff and Defendant have conferred to formulate a discovery plan in the matter. The parties generally agree on the plan and proposed dates set forth below:

### Summary of Important Proposed Deadline Dates

Initial Disclosures: December 15, 2025

Joinder of parties: December 31,2025

Expert deadlines:

    Plaintiffs' experts: June 30, 2026

    Defendant's experts: July 31,2026

    Plaintiffs' rebuttal experts: August 31, 2026

Amendment of Pleadings: February 27, 2026

Discovery deadline: October 30, 2026

Non-dispositive motions (except motions in limine): September 30, 2026

Dispositive motions: November 30, 2026

    Mediation: <u>December 31, 2026</u>

    Trial Ready: <u>After January 1, 2027</u>

    The parties proposed Case Scheduling Order deadline dates are listed within Section F, paragraphs 1 through 5 below.

A. *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made*:

    The parties do not anticipate any need for changes under the Rules. The proposed case deadlines, including for initial disclosures and expert-opinion disclosures, are set forth in ¶6(a), below.

B. *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues*

  1. The parties contemplate discovery regarding Plaintiff's claims for damage as a result of Defendant's shipment of Plaintiff's cargo while in transit as well as Defendant's defenses to those claims. The parties reserve the right to conduct discovery into any other relevant subject matter as further facts are developed and legal research is conducted.

  2. The parties see no need for discovery to be conducted in phases or be limited to or focused on particular issues.

  3. The parties agree if trial depositions become necessary, they need not be completed before the close of discovery and may be conducted after the close of discovery.

  4. The proposed case deadlines, including for discovery are set forth in ¶6(a), below.

C. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced*:

  1. To the extent that information is produced from electronic or computer-based media ("ESI"), the parties agree that documents stored in electronic form, such as e-mails, should be produced with Bates-numbering and as either single-page searchable TIFF images or searchable PDFs with Optical Character Recognition text to the extent possible, and that production of ESI in its native format with intact metadata will be unnecessary unless its conversion to one of the aforementioned formats will result in loss of information or utility, or questions arise about its authenticity, genuineness, alteration, modification, retention, disposal, or destruction. If the parties determine that ESI must be produced in its native format, the parties will confer and make efforts to find a mutually acceptable format for that production. If they cannot reach agreement on the production format, they will seek the Court's assistance.

D. *Any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order*:

1. A party claiming a privilege will comply with Federal Rule of Civil Procedure 26(b)(5) (*i.e.*, the claim will be expressly made and the nature of the withheld information will be described in a manner that, without revealing the information itself, will enable other parties to assess the applicability of the privilege or protection). The parties further agree that materials protected by the attorney-client privilege or work product doctrine created after the initiation of this litigation need not be logged.

2. In the event that the parties seek discovery regarding any confidential personal or business information, the parties will stipulate to a protective order for the Court's review to ensure that any such confidential personal or business information remains protected.

3. The parties agree that the inadvertent production of privileged or work product protected materials is not a waiver in the pending case or in any other proceeding. The parties further agree that the production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the production of such protected information, the parties will follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5).

E. *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:*

1. **EXPERT COMMUNICATIONS:** The parties agree that preliminary drafts of expert reports as well as communications between a party's attorney and expert witnesses shall **not** be subject to discovery and shall be protected in a manner consistent with Federal Rule of Civil Procedure 26(b)(4)(B) and (C). However, foundation for the opinions, including records and treatises reviewed by the expert, remain discoverable. The parties agree to trial preparation protection for communications between a party's attorney and expert witnesses.

F. *Any other orders that the court should issue under Rule 26.03 or under Rule 16.02 and .03*:

The parties suggest the following deadlines:

1. **INITIAL DISCLOSURES**: The parties will make their initial disclosures under Fed. R. Civ. P. Rule 26(a)(1) on or before <u>December 15, 2025</u>, and will produce copies of the documents and records identified in the initial disclosure within 30 days of each party's initial disclosure.

2. **DISCOVERY**: The parties agree that all fact and expert discovery (*i.e.*, all depositions completed, interrogatories answered, all requests for production fully answered or responded to, and all documents and electronically stored information produced) shall be completed by <u>October 30, 2026</u>.

3. **EXPERT DISCOVERY:**

    i. **PLAINTIFFS' EXPERT DISCLOSURE**: Plaintiffs will provide their expert disclosure(s) under Rule 26.(a)(2), if any, by June 30, 2026.

    ii. **DEFENDANT'S EXPERT DISCLOSURE**: Defendant will provide its expert disclosure(s) and written expert report(s), if any, by July 31, 2026.

    iii. **PLAINTIFFS' EXPERT REBUTTAL DISCLOSURE**: Pursuant to Rule 26.01(a)(2), Plaintiffs are permitted to provide rebuttal disclosures within 30 days after Defendant's disclosure of expert opinions, if the evidence is intended solely to contradict or rebut evidence on the same subject matter as identified by Defendant under Rule 26(a)(2)(B) or (C).

4. **MOTIONS**:

    i. **JOINDER:** Joinder of additional parties, by amendment of third-party practice, shall be completed by December 31, 2025.

    ii. **MOTIONS TO AMEND:** Motions seeking to amend the pleadings must be filed and served by February 27, 2026.

    iii. **MOTIONS:** All motions, whether dispositive and non-dispositive, shall be heard by November 30, 2026. This deadline does not include motions *in limine*.

5. **TRIAL**: Due to already scheduled trials on other matters, the parties agree that this case will be ready for trial by January 1, 2027. The parties jointly request a date-certain trial.

Dated: November 25, 2025

/s/*Daniel C. Theveny*
Daniel C. Theveny, Esq. (Admitted PHV)
Cozen O'Connor
One Liberty Place
1650 Market Street – Suite 2800
Philadelphia. Pennsylvania 19103
Telephone: (215) 665-4194
dtheveny@cozen.com

Alex L. Ottenheimer, Esq.
Bar No.: 6321244
Cozen O'Connor
Suite 1800
123 North Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiff Indemnity Insurance Company of North America*

/s/<u>*Robert M. Borak*</u> (w/permission)
Robert M. Borak, Esq.
SPECTOR RUBIN, P.A.
NDIL Fed. ID No.: 015923
Spector Rubin, P.A.
3250 Mary Street, Suite 405
Miami, Florida 33133
Telephone: (305) 537-2000
Facsimile: (305) 537-2001
*Attorneys for Defendant XPO, Logistics, Inc.*